UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

BRUCE HARTLEY,                              )
                                            )
    Plaintiff,                              )    Civil Action No. 5:13-166-DLB
                                            )
V.                                          )
                                            )    **MEMORANDUM OPINION**
DETECTIVE BRIAN REEDER, ET AL.,             )    **AND ORDER**
                                            )
    Defendants.                            )
                                            )

**\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\***

## INTRODUCTION

Plaintiff Bruce Hartley is an inmate confined at the Kentucky State Reformatory in LaGrange, Kentucky. Proceeding *pro se*, Hartley has filed a civil rights action pursuant to 42 U.S.C. § 1983, against Detective Brian Reeder, Estill County Sheriff's Department; Sgt. Eric Gibson, Estill County Sheriff's Department; Kentucky State Trooper Jon Parks, and Kentucky State Trooper Scott Felder. [R. 1]. Hartley alleges that on January 6, 2008, these four defendants subjected him to excessive force and "broke the Plaintiff's back," in violation of his rights guaranteed under the Fourth Amendment of the U.S. Constitution. [*Id.*]. Within the time period allotted by the Order of September 24, 2014, Hartley amended his complaint to add constitutional claims against additional defendants "John Doe" Estill County Judge Executive; "John Doe" Powell County Jailer; Jim Morris, Estill County Jailer; Nancy Helton, LPN, Powell

1

County Jail; and Dr. Townsend, Powell County Jail.[1] [R. 20]. Hartley seeks compensatory and punitive damages.

Hartley has also moved to re-notice his Motion to Amend the Complaint [R. 17], sought an Order informing him of the status of his case [R. 16], and requested the appointment of counsel [R. 18]. For the reasons stated below, Hartley's Motion for Status will be granted, his Motion to Re-Notice his Motion to Amend the Complaint will be denied as moot because he timely filed an Amended Complaint, and his Motion to Appoint Counsel will be denied. Hartley's Complaint and Amended Complaint will be dismissed because they are time-barred.

The Court has conducted a preliminary review of Hartley's Complaint because he asserts claims against a government official and because he is proceeding *in forma pauperis*. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Since Hartley is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As explained below, the Court determines that Hartley's Fourth and Eighth Amendment claims are time-barred and that his § 1983 complaint and amended complaint must be dismissed with prejudice.

## ALLEGATIONS OF THE COMPLAINT

Hartley claims that "on or about January 6, 2008," Defendants Detective Reeder, Sgt. Gibson, KSP Trooper Parks, and KSP Trooper Felder assaulted him ("beating the plaintiff up badly enough to have caused broken bones and other serious injuries" [R. 20, p. 2]) after he had

---

[1] Hartley's claims against Nancy Helton, LPN at the Powell County Jail, and Dr. Townsend, contract physician at the Powell County Jail, concern his medical care and treatment in the jail, which the Court construes to be for alleged violations of his Eighth Amendment rights.

2

turned himself in to authorities on a murder charge.[2] After this alleged beating, Hartley was housed as a pre-trial detainee in the Powell County Detention Center rather than the Estill County Jail. While there, Hartley alleges that Defendants Nurse Helton and Dr. Townsend were negligent and deliberately indifferent to his serious medical needs in failing to provide timely medical care and treatment to him, all in violation of his Eighth Amendment rights.

Hartley's claims against the "John Doe" Estill County Judge Executive are based on the allegation that he had Hartley prematurely removed from the hospital's care and returned to the Powell County Jail without any medication being provided to him. His claims against Estill County Jailer Jim Morris are based on his alleged failure to report Hartley's beating after he transported Hartley to the hospital. The allegations against the "John Doe" Powell County Jailer appear to be based on the fact that he allegedly "allowed the Plaintiff to lay in his jail and allowed the defendant's [sic] Dr. Townsend, and Nurse Nancy Helton to deny him proper and timely and meaningful medical treatment . . ." [R. 20, p. 5]

## DISCUSSION

Hartley's Fourth Amendment claims of excessive force and his Eighth Amendment deliberate indifference claims must be dismissed because they are barred by the applicable one-year statute of limitations. Because § 1983 does not provide its own statute of limitations, federal courts "borrow" the applicable limitations period from the state where the events occurred. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-

---

[2] On January 5, 2008, Hartley was charged in Estill Circuit Court with First Degree Wanton Endangerment, Murder, and Tampering with Physical Evidence. He was convicted of these offenses on September 28, 2009, and is serving 30-year sentence on the murder conviction, and two, 5-year sentences on the other two charges. His projected good time release date is February 19, 2037. *See* http://kool.corrections.ky.gov/KOOL/Details/68488 (last visited February 23, 2015).

3

79 (1985). Constitutional torts committed in Kentucky are therefore subject to the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) for bringing general personal injury actions. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990). However, federal law governs when the statute of limitations begins to run. *Wilson*, 471 U.S. at 267; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273

In the present action, Hartley claims that on or about January 6, 2008, he was beaten by two Kentucky State Troopers and two officers from the Estill County Sheriff's Office after he had surrendered to authorities on criminal charges filed against him. Thereafter, Hartley claims that he was denied proper medical care and treatment while housed in the Powell County Jail, an event that also allegedly occurred in January of 2008. Thus, it is clear from Hartley's Complaint and Amended Complaint that his claims of constitutional rights violations accrued no later than January of 2008. Thus, Hartley either knew or should have known about his alleged "broken back" and other serious physical injuries, as well as having been denied medical care and treatment, and the relevant facts underlying his constitutional claims against Defendants in January or February of 2008.

To satisfy Kentucky's one-year statute of limitations applicable to § 1983 actions, Hartley should have filed a § 1983 action alleging these constitutional rights violations on or before January 6, 2009. However, Hartley did not file this § 1983 complaint until May 17, 2013, more than five years *after* the events of January 6, 2008. Even broadly assuming that Hartley

timely pursued what, if any, grievance procedures may have been available to him in the Estill County and/or Powell County Jails, that process would not have taken an entire year, from January 6, 2008 to January 6, 2009. Thus, it is clear from the face of Hartley's Complaint and Amended Complaint that his Fourth and Eighth Amendment claims are barred by Kentucky's one-year statute of limitations, and a district court is permitted to raise a limitations bar *sua sponte* when the "defect [i]s obvious from the face of the complaint." *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).

For these reasons, Hartley's Complaint and Amended Complaint fail to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1). The Complaint, as amended, will be dismissed with prejudice because it is time-barred, and judgment will be entered in favor of Defendants.

## CONCLUSION

Accordingly, the Court being sufficiently advised, **IT IS ORDERED** as follows:

(1) Plaintiff Bruce Hartley's Motion for Status [R. 16] is **GRANTED**;

(2) Hartley's Motion to Re-Notice his Motion to Amend his Complaint [R. 17] is **DENIED AS MOOT**;

(3) Hartley's Motion to Appoint Counsel [R. 18] is **DENIED**;

(4) Hartley's Complaint [R. 1] and Amended Complaint [R. 20], both filed pursuant to 42 U.S.C. § 1983, are **DISMISSED WITH PREJUDICE** because they are time-barred; and

(5) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of Defendants.

5

This 24th day of February, 2015.



G:DATA/ORDERS/Lexington/2013/13-166 Order Dismissing 1983 Case