**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

| | |
|---|---|
| **BRUCE HARTLEY,** ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:13-166-DLB |
| ) | |
| V. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **DETECTIVE BRIAN REEDER, ET AL.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Plaintiff Bruce Hartley is in the custody of the Kentucky Department of Corrections and currently confined at the Kentucky State Reformatory in LaGrange, Kentucky. Proceeding *pro se*, Hartley filed a civil rights action pursuant to 42 U.S.C. § 1983, against Detective Brian Reeder, Estill County Sheriff's Department; Sgt. Eric Gibson, Estill County Sheriff's Department; Kentucky State Trooper Jon Parks; and Kentucky State Trooper Scott Felder. [R.1]. Hartley alleges that on January 6, 2008, these four defendants subjected him to excessive force and "broke the Plaintiff's back," in violation of his rights guaranteed under the Fourth Amendment of the U.S. Constitution. [R. 1]. He later filed an amended complaint, asserting constitutional claims against additional defendants "John Doe" Estill County Judge Executive; "John Doe" Powell County Jailer; Jim Morris, Estill County Jailer; Nancy Helton, LPN, Powell

1

County Jail; and Dr. Townsend, Powell County Jail.[1]  Hartley sought compensatory and punitive damages.

As statutorily required, the Court conducted a preliminary review of Hartley's complaint and amended complaint because he asserted claims against a government official and because he was proceeding *in forma pauperis*.  28 U.S.C. §§ 1915(e) (2) (B), 1915A.  For reasons explained in detail in the Memorandum Opinion and Order of February 24, 2015, the Court concluded that Hartley's Fourth and Eighth Amendment claims brought under § 1983 were time-barred, being filed more than five years after the alleged violations occurred in January of 2008.  [R. 21]. Consequently, the Court dismissed Hartley's § 1983 complaint and amended complaint and entered judgment in favor of the defendants. [R. 21; R. 22].

This matter is currently before the Court on Hartley's motion to reconsider its *sua sponte* dismissal of this action as time-barred, contending that he is entitled to equitable tolling of the applicable statute of limitations and that because he was a pre-trial detainee at the time the alleged constitutional violations occurred, the court should apply a five-year statute of limitations.  [R. 23].

# I

As detailed in the Memorandum Opinion and Order of February 24, 2015, Hartley claimed that on or about January 6, 2008, he was beaten by two Kentucky State Troopers and two officers from the Estill County Sheriff's Office after he had surrendered to authorities on

---

[1] Because Hartley's claims against Nancy Helton, LPN at the Powell County Jail, and Dr. Townsend, contract physician at the Powell County Jail, concerned his medical care and treatment in the jail, Court construed these claims to be based upon alleged violations of his Eighth Amendment rights.

criminal charges filed against him. Thereafter, Hartley claims that while he was housed in the Powell County Jail in January of 2008, he was denied proper medical care and treatment for the injuries he had sustained from the beating. Thus, Hartley either knew or should have known about the relevant facts underlying his constitutional claims against the defendants in January of 2008, or at the latest, in February of 2008.

It is clear from Hartley's complaint and amended complaint that his claims of constitutional rights violations accrued in the early months of 2008. However, Hartley did not file this action until May 15, 2013 [R. 1], more than five years after the fact.

**A.     Statute of limitations**

Federal law requires that § 1983 claims be characterized as actions involving personal injuries for statute of limitations purposes. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *see Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir.) (per curiam), *cert. denied sub nom. Cnty. of Wayne v. Carroll*, 479 U.S. 923 (1986). Because § 1983 does not provide its own statute of limitations, federal courts "borrow" the applicable limitations period from the state where the events occurred. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276-79 (1985). For constitutional torts committed in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) for bringing general personal injury actions applies. *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990). Federal law governs when the statute of limitations begins to run. *Wilson*, 471 U.S. at 267; *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). A cause of action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273.

Hartley contends that a five-year statute of limitations should be applied to his case because he was a pre-trial detainee in 2008, but he provides no authority whatsoever for this proposition. It is well-settled that Kentucky's one-year statute of limitations for bringing personal injury actions is applicable to § 1983 civil rights claims brought in Kentucky. *See* Ky. Rev. Stat. Ann. § 413.140; *Collard v. Kentucky Bd. of Nursing*, 896 F.2d at 182. Hartley's assertion that a five-year statute of limitations should be applied is without merit.

**B.      Equitable tolling**

Hartley submits that even if a one-year statute of limitations applies, rather than the five-year statute of limitations he proposes, he is nonetheless entitled to equitable tolling of the one-year statute of limitations because he was a pretrial detainee when these constitutional violations occurred in January of 2008.[2]

The U. S. Supreme Court has held that the question of whether a limitations period is tolled is an inherent aspect of the state statute of limitations and, therefore, courts are obligated to apply state tolling statutes to § 1983 actions, as long as the result is not inconsistent with federal law or policy. *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483-86 (1980); *see also Hardin v. Straub,* 490 U.S. 536, 543-44 (1989).

The doctrine of equitable tolling can preserve one's claims when strict application of the statute of limitations would be inequitable. See *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

---

[2]**Error! Main Document Only.**On January 5, 2008, Hartley was charged in Estill Circuit Court with Murder, First Degree Wanton Endangerment and Tampering with Physical Evidence. He was convicted of these offenses on September 28, 2009. Hartley is currently serving a 30-year sentence on the murder conviction, as well as two 5-year sentences on the other charges. His projected good time release date is February 19, 2037. *See* http://kool.corrections.ky.gov/KOOL/Details/68488 (last visited February 23, 2015).

4

Equitable tolling applies when the plaintiff is prevented in some extraordinary way from asserting his rights. See *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *Coleman*, 184 F.3d at 402. In order for equitable tolling to apply, the plaintiff must diligently pursue the relief sought. See *Miles*, 187 F.3d at 1107; *Coleman*, 184 F.3d at 403; *Miller*, 141 F.3d at 978.

The Court is unpersuaded by Hartley's argument that he is entitled to equitable tolling of the statute of limitations simply because he was a pretrial detainee when these constitutional violations occurred. One's status as a pretrial detainee has no bearing on whether one is entitled to equitable tolling of the statute of limitations. To reiterate, equitable tolling applies when the plaintiff is prevented in some extraordinary way from asserting his rights. Being a pretrial detainee, in and of itself, in no way prevents one from asserting his rights.

In order for equitable tolling to apply, the plaintiff must diligently pursue his rights. In this case, Hartley did not file the present § 1983 action until more than five years after the alleged constitutional violations occurred, which can in no way be characterized as the diligent pursuit of his claims. Thus, the doctrine of equitable tolling is not applicable in this case.

## II.

While not characterized as such, Hartley seeks relief from judgment pursuant to Fed. R. Civ. P. 59(e). To prevail on a Rule 59(e) motion to alter or amend a judgment, a movant must show (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *See Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Henderson v. Walled Lake Cons. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006).

Upon further review of this matter, the Court concludes that Hartley has not satisfied any of these prerequisites. It is clear that Kentucky's one-year statute of limitations for personal

5

injuries is applicable to Hartley's § 1983 claims and that he has failed to show any extraordinary reasons why he was unable to file this action until more than five years after these constitutional violations occurred.

Accordingly, **IT IS ORDERED** that Plaintiff Bruce Hartley's motion for reconsideration, filed pursuant to Fed. R. Civ. P. 59(e), of the Memorandum Opinion and Order dismissing this action on February 24, 2015 [R. 23] is **DENIED**.

This 9th day of July, 2015.



Signed By:
David L. Bunning
United States District Judge

G:DATA/ORDERS/ProSe/13-166 Order Denying Rule 59 Mtn